Filed 2/9/21  P. v. Elenes CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CARLOS ELENES,<br><br>        Defendant and Appellant. | A160512<br><br>(Alameda County<br>Super. Ct. No. 146180) |

Carlos Elenes appeals from an order denying his petition for writ of error *coram nobis*.  His appointed counsel filed a brief seeking our independent review of the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We conclude Elenes is not entitled to *Wende* review of the postconviction order and dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Elenes pled guilty to possessing a controlled substance for sale (Health & Saf. Code, § 11351) and admitted committing the offense for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)).  The court sentenced Elenes to three years in state prison.

In 2019, Elenes petitioned for writ of error *coram nobis*.  He sought to vacate his conviction based on circumstances that existed when he entered

1

his plea. In a thorough written order, the court denied the petition. It concluded the petition was procedurally barred and that Elenes's claims lacked merit. Elenes filed two reconsideration motions, which the court denied.

Elenes appealed. His appointed counsel filed a *Wende* brief and notified Elenes he had a right to file a supplemental brief on his own behalf. Elenes did not do so.

### DISCUSSION

*Wende* review is required only in an indigent defendant's " 'first appeal as of right,' " which means an "appeal from the judgment of conviction." (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1129–1131; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500–501 (*Serrano*).) A defendant is not entitled to *Wende* review in an appeal from a postconviction order. (*Scott,* at pp. 1130–1131 [no *Wende* review in appeal from postconviction petition to vacate conviction and for resentencing]; *Serrano*, at pp. 500–501 [*Wende* review inapplicable in appeal from denial of postconviction motion to vacate plea]; *People v. Ramirez* (Jan. 26, 2021, C091845) __Cal.App.5th__ [2021 Cal.App.Lexis 65, pp. *2–*3] [declining to conduct *Wende* review in appeal from denial of statutory motion to vacate judgment]; cf. *People v. Flores* (2020) 54 Cal.App.5th 266, 273 [while not required, nothing prohibits court from reviewing record in interests of justice].)

This appeal is not from the judgment of conviction. It is an appeal from a postconviction order. As a result, Elenes is not entitled to *Wende* review. Appointed counsel did not discover any arguable issues to be raised on appeal, and Elenes did not file a supplemental brief after his counsel informed him that he had the right to do so. We have reviewed the order below and decline to exercise our discretion to conduct a full record review.

2

Consistent with *Serrano*, we dismiss the appeal as abandoned. (*Serrano, supra,* 211 Cal.App.4th at p. 503.)

## DISPOSITION

The appeal is dismissed as abandoned.

_____

Seligman, J.*

WE CONCUR:


_____

Simons, Acting P. J.


_____

Burns, J.


A160512


_____

&ast; Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.